Meckel et al. *v.* The Cuyahoga Mortgage Co. et al.

(Decided April 22, 1931.)

*Messrs. Bernsteen & Bernsteen* and *Mr. J. C. Luckay,* for plaintiffs in error.

*Mr. H H. Henry,* for Lillia W. Meckel.

*Messrs. Taplin & Fillius,* for the De Klyn Candy Company and Charles F. Taplin.

Cushing, J. This case is in the Court of Appeals of Cuyahoga county on motion of the De Klyn Candy Company and Charles F. Taplin to dismiss the appeal of Lillia W. Meckel and Frank W. Meckel, on the ground that this court is without jurisdiction to entertain such appeal, for the reason that the issues before the court of common pleas of Cuyahoga county, upon the answer and cross-petition of Lillia W. Meckel and the answer of Frank W. Meckel, are legal and not equitable.

This court has, under the constitution, jurisdiction in the trial of chancery cases. Whether the action is one in chancery or at law is to be determined from the pleadings in the case.

The petition of the Cuyahoga Mortgage Company, a corporation, made Lillia W. Meckel, Frank W. Meckel, the Society for Savings, the De Klyn Candy Company, the Kingston Candy Company, and Charles L. Marshall defendants.

The action was for foreclosure, receivership, and equitable relief. The plaintiff claimed to hold a mortgage on the real estate described in the petition by virtue of indorsement and assignment, and asked that a receiver be appointed to take charge of the property, and for foreclosure of the lien.

The Society for Savings, in the city of Cleveland, by way of answer and cross-petition sets up a mortgage on the same premises and asks foreclosure of its mortgage lien.

The defendant Charles L. Marshall, by way of answer and cross-petition, sets up a judgment lien and asks that his lien be protected.

The Kingston Candy Company sets up a mortgage as against the De Klyn Candy Company, and asks that its priority be determined, and the candy company protected in its claimed lien.

To the petition, Lillia W. Meckel by way of answer admits the corporate entity of the various parties, admits the De Klyn Candy Company executed and delivered to one Taplin a promissory note for $2,500, and a mortgage on the premises in question, to secure the same, and admits its indorsement and assignment to plaintiff. She further admits that she and her husband are occupying the

premises under claim of right, and denies all the other allegations of the petition, and sets up that while the legal title in the premises at the time of the transfer of the mortgage was in the De Klyn Candy Company the actual ownership was in her. She follows with a cross-petition, and sets up a contract with one Taplin, Vice-President of the De Klyn Candy Company, by which she executed a deed to Taplin, to enable him to mortgage the premises in order to secure credit with the Kingston Candy Company for goods; that the plaintiff was charged with notice of any defects in the note and mortgage; and that the De Klyn Candy Company violated its contract and did not secure the credit, the purpose for which the note and mortgage were given. Many other allegations pertaining to that question are contained in the cross-petition.

She alleges in her cross-petition that she entered into a written contract in good faith and for the purposes set forth therein, and alleges that she has performed her part of the contract, and she sets out that the De Klyn Candy Company failed to carry out the terms of the contract, but transferred the note and mortgage to the plaintiff in violation of its terms, and then alleges that the De Klyn Candy Company went out of business. She charges fraud and failure of consideration, and asks that the written contract be rescinded, that the deed from the defendent Meckel to the De Klyn Candy Company be declared void, and that the title to the premises be found in the defendant; and, further, she questions the validity of all the liens.

The answers of the De Klyn Candy Company and

the plaintiff to the cross-petition of Lillia W. Meckel deny the allegations of her cross-petition.

We do not find any answer or other pleading by Frank W. Meckel. Although he joins in the motion as an appellant, we do not find where Frank W. Meckel perfected any appeal.

We have not stated in all their details the proceedings, but have set forth enough to show the character of the case as made by the pleadings.

The case came on for hearing in the common pleas court. That court determined all of the liens and the validity of the mortgage, the priority, appointed the receiver, held that the defendant Lillia W. Meckel was not entitled to the relief prayed for by her in her cross-petition, and dismissed the cross-petition. To the entire decree, Lillia W. Meckel perfected her appeal.

That the main action in the case is in chancery admits of no argument; that the defendant Lillia W. Meckel may have set forth some allegations in her defense, by way of answer and cross-petition, challenging the validity of the contract, does not make the case one at law, and one not in equity. All of the other pleadings in the case, the petition, answers, and cross-petitions go to the question of foreclosure, appointment of receiver, marshaling of liens, and equitable relief, all procedure in chancery. In her answer she denies the validity of all the liens by general denial, asks the relief of having the deed set aside, and asks that an equitable interest be decreed to her in the real estate in question—all in chancery.

As heretofore stated, the mere fact that the court may have to determine a legal question, incidental

to the proceeding, does not change the character of the action, which is so emphatically one in chancery that it would seem that no argument is necessary on the question. Moreover, the movents tried their case in the trial court as an equity case, and secured a decree in their favor against appellant.

The motion to dismiss the appeal is overruled.

*Motion to dismiss overruled.*

Ross and HAMILTON, JJ., concur. The Judges of the First Appellate District, sitting by designation in the Eighth Appellate District.